## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-01566-JHN-DTBx | Date | November 5, 2010 |
|---|---|---|---|
| Title | Preeminent Investment Corporation v. Yong Cheng Chang et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:** ORDER REMANDING CASE TO RIVERSIDE SUPERIOR COURT

## I.
## BACKGROUND

The underlying "COMPLAINT FOR UNLAWFUL DETAINER" was filed by Plaintiff Preeminent Investment Corporation ("Plaintiff") on August 4, 2010 in the Riverside Superior Court against Defendants Yong Cheng Chang and Meng Ping Chang ("Defendants"). (Notice of Removal ("Notice"); Ex. 3.) On October 13, 2010, the Superior Court entered a judgment in favor of Preeminent and against Defendants for possession of the property. (Docket no. 6, Ex. A.) That same day, Defendants removed this action to this Court based upon Federal Question Jurisdiction. (Notice at 2:4–14.)

## II.
## DISCUSSION

Because final judgment has already been entered in favor of Plaintiff, there is no "case or controversy" justiciable before this Court. *See* Article III of the Constitution. Accordingly, there is no "case" for Defendant to remove. *See also Four Keys Leasing & Maintenance Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir. 1988) ("it would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation").

Moreover, there is no federal question jurisdiction in this case. Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc*., 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest*., 861 F.2d 1389, 1393 (9th Cir. 1988)). Here, the Complaint asserts no claim for violations of any federal law. Instead, the Complaint alleges a state law cause of action for unlawful detainer. Defendant's conclusory assertions that these allegations arise under federal law does not demonstrate how the state law allegations "necessarily turn" on any federal law. Accordingly, federal question jurisdiction does not exist.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:10-cv-01566-JHN-DTBx | Date | November 5, 2010 |
|---|---|---|---|
| Title | Preeminent Investment Corporation v. Yong Cheng Chang et al | | |

## III.
## CONCLUSION

For these reasons, the Court REMANDS this action to the California Superior Court, County of Riverside.

**IT IS SO ORDERED**.

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |